IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| AMY GWARA, | ) | |
| | ) | CIVIL ACTION |
| PLAINTIFF, | ) | FILE NO. |
| | ) | Jury Trial Demanded |
| | ) | |
| V. | ) | |
| | ) | |
| B&G EQUIPMENT COMPANY, | ) | |
| | ) | |
| DEFENDANT. | ) | |

**PLAINTIFF AMY GWARA'S COMPLAINT**

COMES NOW, Plaintiff Amy Gwara who files her Complaint against Defendant B&G Equipment Company (hereafter "Defendant"), and alleges as follows:

**I.   Nature of Complaint**

1.

Plaintiff seeks to recover unpaid work time, unpaid overtime, liquidated damages and attorney's fees and costs for all hours worked in excess of 40 hours in a single workweek which lack of payments are alleged violations of the Fair Labor Standards Act, 29 U.S.C. Secs. 203, et. seq. (hereafter "FLSA").

## II. JURISDICTION AND VENUE

2.

This Court has original jurisdiction over cases brought to recover unpaid overtime pursuant to the FLSA which provides, inter alia, that "[a]n action to recover ... may be maintained ... in any Federal or State court of competent jurisdiction," 29 U. S. C. §216(b).

3.

Plaintiff resides at 146 Trophy Ridge, Jackson, Ga. 30233, within the geographic boundary of the United States District Court, Middle District of Georgia, Macon Division.

4.

Plaintiff has been employed by Defendant for approximately seventeen years until June 26, 2020, at 135 Region South Drive, Jackson, Georgia 30233, within the geographic boundary of the United States District Court, Middle District of Georgia, Macon Division.

5.

Plaintiff alleges violations of the FLSA in that (1) she was not paid for all time worked, (2) she was not paid overtime for work performed in excess of 40 hours in a single work week during parts of her employment, and alleges that these violations of the FLSA occurred at Defendant's place of business at 135 Region

South Drive, Jackson, Georgia 30233 and also when Plaintiff was working remotely from her home at 146 Trophy Ridge, Jackson, Georgia 30233, within the geographic boundary of the United States District Court, Middle District of Georgia, Macon Division.

6.

A substantial part of the alleged actions and omissions that give rise to Plaintiff's FLSA claims against Defendant are alleged to have occurred within the geographic boundary of the United States District Court, Middle District of Georgia, Macon Division, such that venue in this Court is proper pursuant to 28 U.S.C. Sec. 1367.

### III.   PARTIES AND FACTS

7.

Plaintiff was employed by Defendant for approximately seventeen years until June 26, 2020, within the meaning of the FLSA, 29 U.S.C. sec. 203(e).

8.

During the dates alleged in paragraph seven of this Complaint, Plaintiff was an employee of Defendant, who was an employer engaged in interstate commerce within the meaning of 29 U.S.C. Sec. 207 (a).

9.

Plaintiff was paid an hourly wage as a Customer Services Representative.

10.

During her employment, Plaintiff was entitled to overtime pay at a rate of 1 ½ times her Regular Rate of pay for hours in excess of 40 hours in a single work week.

11.

Prior to the period of time when Plaintiff was allowed to work remotely during the recent COVID-19 outbreak, Plaintiff was required to "clock in" at the beginning of her shift and "clock out" at the end of her shift.

12.

Prior to the period of time when Plaintiff was allowed to work remotely during the recent COVID-19 outbreak, Plaintiff was not required to clock in and out during her 30-minute lunch break.

13.

Prior to the period of time when Plaintiff was allowed to work remotely during the recent COVID-19 outbreak, Plaintiff's time was automatically docked each day to reflect an unpaid 30-minute lunch break.

14.

Prior to the period of time when Plaintiff was allowed to work remotely during the recent COVID-19 outbreak; on some or all of these days, during

Plaintiff's 30-minute lunch break, she was not completely relieved of work duties during the lunch period.

15.

Prior to the period of time when Plaintiff was allowed to work remotely during the recent COVID-19 outbreak; Plaintiff answered telephone calls, manually completed customer orders, and read and answered or forwarded e-mails.

16.

Prior to the period of time when Plaintiff was allowed to work remotely during the recent COVID-19 outbreak, when Plaintiff answered telephone calls, manually completed customer orders, and read and answered or forwarded e-mails; Plaintiff's continued or resumption of work was known or should have been known by supervisory level employees of Defendant.

17.

During the period of time when Plaintiff was allowed to work remotely during the recent COVID-19 outbreak, Plaintiff answered telephone calls, manually completed customer orders, and read and answered or forwarded e-mails during her lunch periods.

18.

During the period of time when Plaintiff was allowed to work remotely during the recent COVID-19 outbreak, Plaintiff answered telephone calls,

manually completed customer orders, and read and answered or forwarded e-mails during her lunch periods, used her remote computer access and remained logged onto her computer during her lunch period.

19.

During the period of time when Plaintiff was allowed to work remotely during the recent COVID-19 outbreak, Plaintiff answered telephone calls, manually completed customer orders, and read and answered or forwarded e-mails during her lunch periods, used her remote computer access and remained logged onto her computer during her lunch period; Plaintiff work-related activities during her lunch time were known or should have been known by supervisory level employees of Defendant who had access to her computer and phone records and who were copied on e-mails which were time dated.

20.

On some or all of these days when Plaintiff worked in the office or remotely, when Plaintiff continued or resumed work during part of her 30-minute lunch period, and when Plaintiff's continued work or resumption of work was known or should have been known by supervisory level employees of Defendant, Plaintiff was not paid for all time worked.

21.

On some or all of the weeks where Plaintiff continued or resumed work during her 30-minute lunch period, Plaintiff worked in excess of forty hours in a single work week.

22.

Defendant and Plaintiff entered a binding contract where Defendant agreed to pay Plaintiff for all time worked at an agreed hourly rate consistent with FLSA regulations regarding when meal and break periods are not paid time.  On some or all of these days when Plaintiff continued or resumed work during her 30-minute lunch period, and when Plaintiff's work was known or should have been known by supervisory level employees of Defendant, Plaintiff was not paid for all time worked at the agreed upon rate of hourly compensation with Defendant.

## COUNT I
## VIOLATIONS OF THE FLSA

23.

Plaintiff incorporates be reference as if fully restated here, the preceding Paragraphs of Plaintiff's Complaint.

25.

Defendant's failure to pay Plaintiff for time worked during lunch periods where Plaintiff did not have an uninterrupted 30-minute period where no work was performed, constitutes a violation of the minimum wage provisions of the FLSA.

26.

Defendant failure to pay Plaintiff for all time worked, and its failure to pay Plaintiff for all time worked in excess of forty-hours in a single work week at the proper overtime rate, constitutes a violation of the overtime provisions of the FLSA.

27.

Defendant was aware of its duty to comply with the FLSA during the times of Plaintiff's employment with Defendant.

28.

Defendant's failure to pay Plaintiff for all work which Defendant knew or should have known was performed by Plaintiff and failure to pay overtime for hours worked in excess of forty in a single work week, constitute willful violations of the FLSA within the meaning of 29 U.S.C. sec. 255(a) such that that the appropriate statue of limitations to be applied to Defendant's violations is a three-year period.

## COUNT II
## BREACH OF CONTRACT

29.

Plaintiff incorporates by reference as if fully restated here, the preceding Paragraphs of Plaintiff's Complaint.

30.

Defendant's failure to pay Plaintiff for lunch periods when she performed work that Defendant knew or should have known was performed by Plaintiff during the 30-minute lunch period, constitutes a breach of contract by Defendant of an agreement to pay Plaintiff for all time worked at an agreed hourly rate consistent with FLSA regulations regarding when meal and break periods are not paid time.

32.

Plaintiff is entitled to recover from Defendant breach of contract damages at her agreed hourly rate for all lunch periods where the lunch period was not an uninterrupted 30-minute period.

33.

Plaintiff and Defendant agreed that Plaintiff was entitled to unused vacation time at the time of her termination.

34.

The employee handbook states that unused vacation time will be paid at the termination of employment unless employee is terminated for cause.

35.

Plaintiff was told that her employment was terminated "because the company is moving in another direction."

36.

Plaintiff was not terminated for cause.

37.

Defendant's failure to pay Plaintiff her unused vacation days at the time of her termination of employment constitutes a breach of contract by Defendant.

**PRAYER FOR RELIEF**

38.

Wherefore, Plaintiff Amy Gwara requests a jury trial and damages in the form of (1) an award of award of back pay for interrupted lunch periods and unused vacation time for Defendant's breach of contract, and (2) for violations of the FLSA: unpaid work time in violation of the minimum wage, unpaid overtime, an award of liquidated damages in an equal amount, and an award of attorney's fees and costs.

Submitted this  7th   day of  August , 2020.

s/ Donald W. Benson
Donald W. Benson
Georgia Bar No. 052350
**KENNETH S. NUGENT, P.C.**
4227 Pleasant Hill Road
Building 11, Suite 300
Duluth, GA 30096
(770) 820-0817
(770) 820-0717 (facsimile)
dbenson@attorneykennugent.com
COUNSEL FOR PLAINTIFF